UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARLENE PARIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1381-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is denied and the Commissioner's motion is granted.

I.  BACKGROUND

Plaintiff filed an application for SSI, alleging that she had been disabled since January 1, 2007. Administrative Record ("AR") at 165-173. Her application was denied initially and upon reconsideration. *Id.* at 117-121, 124-128. On June 17, 2014, a hearing was held before Administrative Law Judge ("ALJ") Kalei Fong. *Id.* at 40-78. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id*. On October 16,

2014, the ALJ issued a decision finding that plaintiff was not disabled under section

1614(a)(3)(A) of the Act.[1] *Id*. at 25-34. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since June 22, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar, thoracic and cervical spine and osteoarthritis (20 CFR 416.920(c)).

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.416.920(d), 416.925 and 416.926).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she cannot climb ladders/ropes/scaffolds. She could frequently stoop, crouch and crawl. She is able to understand and carry out simple and detailed tasks but would not be able to handle technical or complex jobs. She could do simple repetitive one or two-step tasks. She can maintain concentration for one or two-step simple tasks. She is also limited to low stress with no fast paced work production[.]

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1967 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined by the Social Security Act, since June 22, 2012, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 27-34.

Plaintiff's request for Appeals Council review was denied on April 19, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

| | |
|---|---|
| 1 | The findings of the Commissioner as to any fact, if supported by substantial evidence, are |
| 2 | conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is |
| 3 | more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th |
| 4 | Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a |
| 5 | conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.* |
| 6 | *N.L.R.B.*, 305 U.S. 197, 229 (1938)). |
| 7 | "The ALJ is responsible for determining credibility, resolving conflicts in medical |
| 8 | testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. |
| 9 | 2001) (citations omitted). "Where the evidence is susceptible to more than one rational |
| 10 | interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." |
| 11 | *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). |

III.  ANALYSIS

Plaintiff argues that the ALJ erred at step-five of the sequential evaluation process by relying on testimony from a vocational expert that conflicted with information contained in the Occupational Outlook Handbook ("OOH"). ECF No. 13 at 6-15. Specifically, she argues (1) that she is unable to perform any of the jobs identified by the vocational expert because she lacks a high school education, and (2) the vocational expert's testimony regarding the number of available jobs is not accurate. ECF No. 15 at 10-14

At the fifth step, the ALJ is required to "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). In making that determination, the ALJ must first assess the claimant's residual functional capacity ("RFC"), which is the most the claimant can do despite her physical and mental limitations. 20 C.F.R. § 416.945(a)(1). The ALJ then must consider what potential jobs the claimant can perform given her RFC, age, education, and prior work experience. 20 C.F.R. § 416.966; *see Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). "In making this determination, the ALJ relies on the [Dictionary of Occupational Titles], which is the SSA's primary source of reliable job

/////

information regarding jobs that exist in the national economy." *Zavalin v. Colvin*, 778 F.3d 842, 845-46 (9th Cir. 2015) (quotation marks omitted).

In additional to the DOT, an ALJ may rely on testimony from a vocational expert who testifies about the jobs the claimant can perform in light of her limitations. 20 C.F.R. §§ 404.1566(e), 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Generally, occupational evidence provided by a vocational expert should be consistent with the occupational information supplied by the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, at *4). However, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435.

Here, the ALJ relied on the testimony of a vocational expert to find that there were significant jobs in the national economy that plaintiff could perform. Specifically, the ALJ accepted the vocational expert's testimony that an individual with plaintiff's education, age, work experience, and RFC maintained the ability to work as a scrap separator, DOT 529.587-018; splicer of protective and medical devices, DOT 759.684-070; and wafer line worker, 727.684-082. AR 75-76. The ALJ relied on this testimony in finding that there were a significant number of jobs in the national economy that plaintiff could perform. *Id*. at 33.

Plaintiff first argues that the vocational expert's testimony conflicted with the OOH. She contends that under the OOH, each of the three positions identified by the vocational expert require a high school education, which is inconsistent with the finding that she has only a limited education. ECF No. 15 at 10; *see* 20 C.F.R. § 416.964(b)(3) ("We generally consider that a 7th grade through the 11th grade level of formal education is a limited education."). She further argues that the ALJ was required to resolve the conflict because the "OOH stands on the same footing as the DOT" due to the Commissioner's obligation to take administrative notice of the OOH. ECF No. 15 at 11; *see* 20 C.F.R. § 416.966(d) (in determining whether jobs exist in the national economy, the Commissioner takes administrative notice of "various governmental and other publications," including the DOT and OOH).

/////

The Ninth Circuit, however, recently declined to treat the DOT and the OOH the same. In *Shaibi v. Berryhill*, __ F.3d __, 2017 WL 3598085 (9th Cir. Aug. 22, 2017), the plaintiff argued that the ALJ improperly relied on the vocational expert's estimate of available jobs in finding that there were a significant number of jobs the plaintiff could perform. *Id*. at *5. The court held that the plaintiff had waived the argument because he was represented by counsel during the administrative proceedings, but failed to raise the issue before the agency. *Id*. In reaching this finding, the Ninth Circuit explained:

> [W]e can find no case, regulation, or statute suggesting that an ALJ must *sua sponte* take administrative notice of economic data in the [County Business Patterns] or the OOH. It is true that an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency. But Shaibi cites to no authority suggesting that the same is true for the CBP and OOH. Our precedent holds, instead, that an ALJ may rely on a vocational expert's testimony concerning the number of relevant jobs in the national economy, and need not inquire *sua sponte* into the foundation for the expert's opinion.

*Id*. at *6 (citations omitted).

Thus, the Ninth Circuit has rejected plaintiff's contention that the "OOH stands on the same footing as the DOT." Furthermore, district courts in this circuit have rejected the same argument plaintiff advances in this action. *See Meza v. Berryhill*, 2017 WL 3298461, at *8 (C.D. Cal. Aug. 2, 2017) (rejecting plaintiff's argument that the ALJ was required to resolve a conflict between the claimant's limited education and vocational expert's testimony that claimant could perform three jobs that, according to the OOH, required a high school diploma); *Palamino v. Colvin*, 2015 WL 2409881, at *5 (C.D. Cal. May 20, 2015) (same); *see also Walker v. Berryhill*, 2017 WL 1097171, at *4 (C.D. Cal. Mar. 23, 2017) (noting that the "Ninth Circuit has long recognized the primacy of the DOT," and holding that the ALJ was not required to resolve any conflict between the VE's testimony and the OOH).

Plaintiff does not contend that her education level is inconsistent with performance of occupations of scrap separator, splicer of protective and medical devices, and wafer line worker, as those jobs are described by the DOT. Accordingly, plaintiff has failed to show that the ALJ erred in finding that she could perform these occupations.

The Ninth Circuit's holding in *Shaibi* also proves fatal to plaintiff's remaining argument—that the ALJ erred by relying on the vocational expert's estimates for the number of positions available for the three occupations because the numbers provided conflicted with data from the Bureau of Labor Statistics. *See* ECF No. 15 at 12-14. Plaintiff was represented by counsel at the administrative hearing, but her attorney failed to inquire about the basis for the vocational expert's testimony regarding the number of jobs available for the identified occupations. AR 75-76. Plaintiff also failed to raise the issue in her brief she submitted to the Appeals Council. *Id*. at 254-255. Because plaintiff failed to raise the issue during her administrative proceedings, she has waived the argument before this court. *See Shaibi*, 2017 WL 3598085 at *6 ("We now hold that when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant waives such a challenge on appeal, at least when that claimant is represented by counsel.")

Accordingly, there is no basis for remanding the matter for further proceedings.

IV. <u>CONCLUSION</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 19, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE