UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARLENE PARIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1381-EFB<br><br><br><br>ORDER |

Plaintiff brought this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income under Title XVI of the Social Security Act. The court previously denied plaintiff's motion for summary judgment, granted the Commissioner's cross-motion for summary judgment, and entered judgment accordingly. ECF Nos. 21, 22. Plaintiff has moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 23. For the following reasons, the motion is denied.

In her motion for summary judgment, plaintiff argued that the ALJ erred by relying on testimony from a vocational expert that conflicted with information in the Occupational Outlook Handbook ("OOH"). ECF No. 13 at 6-15. Specifically, she argued that (1) she is unable to perform any of the jobs identified by the vocational expert because the OOH describes each job

as requiring a high school education, which does not possess, and (2) the vocational expert's testimony regarding the number of available jobs was inconsistent with data from the OOH. *Id*. Relying on *Shaibi v. Berryhill*, 870 F.3d 874, 882 (9th Cir. 2017), as well as several district court cases addressing similar arguments, the court rejected plaintiff's contention that the "OOH stands on the same footing as the DOT," and held that the ALJ was not required to resolve any conflict between the vocational expert's testimony and the OOH. ECF No. 21 at 6.

Plaintiff's motion to alter or amend the judgment is largely predicated on her contention that the court should not have relied on *Shaibi*, which was issued after plaintiff filed her motion for summary judgment, without first allowing plaintiff an opportunity to address that case. ECF No. 23 at 3. Plaintiff's motion also notes that a petition for rehearing *en banc* was filed in *Shaibi*. *Id*. Plaintiff has since filed a Notice of New Authority acknowledging that the petition for rehearing *en banc* was denied. 883 F.3d 1102 (9th Cir. 2017). Plaintiff now concedes that issues raised in her motion to alter or amend the judgment are foreclosed by controlling authority and that "[t]he court should deny the motion for relief under rule 59." ECF No. 27.

In light of this concession, it is hereby ORDERED that plaintiff's motion to alter or amend the judgment (ECF No. 23) is denied.

DATED: September 20, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE